IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA DURAN,

        Plaintiff,

v.                                                                                    CIV 02-593 KBM – ACE

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      Plaintiff Gloria Duran worked as a fab operator until 1992, when she quit due to difficulty standing all day. She worked from 1993 to May 1997 part-time as a kitchen helper when, at age fifty, she quit working because of pain in her shoulder muscles. *E.g., Administrative Record* ("*Record*") at 34-35, 69, 78, 254, 256. Three years later, she applied for disability benefits due to fibromyalgia and degenerative disc disease, and alleges the onset was when she quit working as a kitchen helper. *E.g., id.* at 69, 77. Because the last date of her insured status was September 30, 1999, and she must establish that she was disabled prior to that date. *Id.* at 15.

      The Administrative Law Judge ("ALJ") found that Plaintiff has the residual functional capacity to perform a "significant range of light work" and, with the aid of the testimony from a vocational expert, identified four such jobs she can perform – cashier, laundry folder/spotter, rental clerk, and shipping receiver/weigher *Id.* at 20. The ALJ denied benefits, finding her not disabled at Step 5, under the framework of Medical-Vocational Rule 202.13. *Id.* The Appeals

Council declined review on March 28, 2002, thereby rendering the ALJ's decision final. *Id.* at 405

This matter is before the court on Plaintiff's Motion to Reverse or Remand, where she asserts that the ALJ committed five errors. *Doc. 14.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

I have read and carefully considered the entire record. I find the treating physician issue dispositive and, because that issue has consequences for the remaining allegations of error, I remand the matter to the Commissioner for further proceedings.

Two years after Plaintiff's insured status expired and two weeks before the ALJ's hearing, Dr. James Russo, one of Plaintiff's treating physicians, filled out a "Medical Assessment of Ability To Do Work-Related Activities (Physical)" form. *Record* at 277-79. The form instructs the physician to give an assessment based on an examination. *Id.* at 277. Presumably, Dr. Russo performed the examination around the date he signed the form, September 14, 2001, but that is no means clear from his report. *See id.* at 279. The report was before the ALJ at the time of the hearing. *See id.* at 29.

Dr. Russo does not specifically attribute any of his noted limitations to fibromyalgia or any

other medical condition. Moreover, he did not indicate that his opinion applies to Plaintiff's limitations as of September 30, 1999. Instead, the stated basis for the "medical findings" underlying Dr. Russo's assessment fall into two categories.

The first category presumably is based on his observations of Plaintiff at the time of the examination. For these portions of the form, Dr. Russo gave his opinion that Plaintiff can only: lift/carry less than four pounds and does not have the endurance to sustain lifting/carrying for more than one-third of a day; stand/walk for ten to fifteen minutes at a time and less than three hours a day, as she uses a cane and walks with a limp; and sit without interruption for five minutes and for less than three hours a day, as she is constantly shifting positions. *See id.* at 277-78. The next category of answers for "medical findings" apparently is based solely on Plaintiff's own reports. For these portions of the form, Dr. Russo found that Plaintiff: can never stoop crouch or crawl; occasionally climb and balance; and cannot reach and push/pull. *See id.* at 278-79. As Defendant states, "In essence, Dr. Russo opined that Plaintiff could perform less than sedentary work." *Doc. 16* at 5 (citing 20 C.F.R. 404.1567; *Social Security Ruling* 83-10).

Plaintiff contends that the ALJ committed error by failing to set forth specific and legitimate reasons for disregarding Dr. Russo's 2001 assessment. She also contends that the ALJ should have given controlling weight to Dr. Russo's 2001 assessment because he is her treating physician. Instead, Plaintiff argues, the ALJ erred by crediting the report of Dr. Eugene Toner, who allegedly examined Ms. Duran for only ten minutes before issuing his consulting report about her physical limitations. *See Doc. 15* at 3-5. In her reply, Plaintiff notes that the regulations contemplate a procedure where the ALJ could have clarified with Dr. Russo concerning what time

frame his report covers.  *See Doc. 18* at 2.[1]

Throughout his opinion the ALJ notes that he must consider whether Plaintiff established a disability prior to the expiration of her insured status.  *Record* at 15 ("Ms. Duran must establish disability on or prior to [September 30, 1999]"), *id.* at 16 ("in rendering my decision I must consider the additional issue of whether disability can be established on or prior to the date last insured"), *id.* at 17 ("considering the pertinent medical evidence for the period June 1997 through September 30, 1999").  He specifically rejected the residual functional capacity assessment of craniofacial specialist dentist Daniel Clifford, because the report "does not pertain the period prior to expiration [and] is not pertinent to my decision."  *Id.* at 17.

Dr. Russo's assessment suffers from the same infirmity as Dr. Clifford's, but the record is unclear why the ALJ failed to mention Dr. Russo's assessment.  In fact, the ALJ did not cite or mention Dr. Russo's report, nor did he discuss its findings.  Perhaps he meant to discuss Dr. Russo's and Dr. Clifford's assessments together and reject them for the same reason.  For example, the paragraph where he rejected Dr. Clifford's assessment as beyond the expiration is disjointed and refers to "reports" and "assessments" in the plural.[2]

There is support in one Tenth Circuit decision for the proposition that a treating physician

---

[1] We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. § 404.1512(e)(1).

[2] "Although I have reviewed [sic] Despite recent reports and residual functional assessments submitted by craniofacial specialist D.E. Clifford, DDS pertaining to TM joint symptoms, this record does not pertain to the period prior to expiration . . . this evidence is not pertinent to my decision." *Record* at 17.

4

report which does not relate to the period before expiration of insured status is not controlling. *See e.g., Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) ([examining physician] Dr. Maron's report was the only medical evidence submitted pertaining to the relevant time period. *Plaintiff's later treating physicians did not express an opinion as to whether he was disabled during this time period.* Therefore, the treating physician rule does not dictate that Dr. Maron's report be given little or no weight.") (emphasis added).

On the other hand, it appears other well-established and consistent precedent holds otherwise. That is, a treating physician can issue a retrospective diagnosis, and an ALJ cannot simply disregard a treating physician opinion. Instead, an ALJ must give a treating physician "substantial" or "controlling" weight, "unless good cause is shown to the contrary" and the ALJ explains the "specific legitimate reasons" for rejecting the medical opinion. *Frey v. Bowen,* 816 F.2d 508, 513 (10th Cir. 1987); *see also Potter v. Secretary of Health & Human Servs.,* 905 F.2d 1346, 1348 (10th Cir. 1990) ("[A] treating physician may provide a retrospective diagnosis of a claimant's condition."); *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) (review of factors to be considered by ALJ in rejecting treating physician opinion). Having failed to discuss Dr. Russo's 2001 assessment at all, I find the ALJ did not apply the correct legal standards.

That is not to say that a treating physician opinion, retrospective or otherwise, is conclusive on the issue of disability. A retrospective diagnosis unaccompanied by evidence of a disability prior to the expiration of a claimant's insured status is insufficient. *Potter,* 905 F.2d at 1349; *see also Coleman v. Chater,* 58 F.3d 577, 579 (10th Cir. 1995). Having read the record in its entirety, I could craft an analysis of why Dr. Russo's report should be rejected. However, I cannot substitute my judgment for that of the agency.

I need not address the rest of Plaintiff's claims at this juncture. The extent of Plaintiff's residual functional capacity is intertwined with the ALJ's decision to afford substantial weight to the consulting physician's report, question Plaintiff's credibility, and adopt the testimony of the vocational expert's testimony. Application of the treating physician rule on remand may modify those findings. As for Plaintiff's argument that the ALJ found her depressive disorder not severe at Step 2, I note that the opinion actually says that "the depressive disorder *is* considered to be of a severe nature." *Record* at 16. That matter can be clarified on remand as well.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion is GRANTED, and the matter is remanded to the Commissioner for further proceedings. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.